IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2099-FL

| | |
|---|---|
| DARRON JERMAINE JONES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA and )<br>KEITH WHITENER, )<br>)<br>Respondents. ) | ORDER |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter came before the court on respondent Keith Whitener's ("respondent") motion for summary judgment (DE # 8) pursuant to Federal Rule of Civil Procedure 56. In response, petitioner submitted a cross-motion for summary judgment (DE # 11), to which respondent did not respond. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion, but denies petitioner's motion.

## STATEMENT OF CASE

On April 2, 2008, petitioner was convicted in the Wayne County Superior Court of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, felonious breaking or entering, two counts of felony larceny, two counts of possession of stolen goods, obtaining property by false pretenses, and misdemeanor larceny. State v. Jones, 199 N.C. App. 756, 687 S.E.2d 541 (Sept. 15, 2009). Petitioner also pleaded guilty to habitual felon status. Id. Petitioner then received the following three consecutive sentences: (1) one hundred sixteen (116) to one hundred

forty-nine (149) months imprisonment for robbery with a dangerous weapon and habitual felon status; (2) one hundred sixteen (116) to one hundred forty-nine (149) months imprisonment for assault with a deadly weapon inflicting serious injury and habitual felon status; and (3) ninety-three (93) to one hundred twenty-one (121) months imprisonment for the remaining offenses. Id.

Petitioner filed a notice of appeal following his convictions. On September 15, 2009, the North Carolina Court of Appeals issued an order finding no reversible error in petitioner's convictions. Id. However, the court of appeals additionally found that petitioner could not have been convicted of both felonious larceny and his possession convictions. Id. Accordingly, the court of appeals reversed in part and remanded the action to the trial court for re-sentencing. Id. The court of appeals directed the trial court to arrest judgment for defendant's convictions for possession of stolen goods. Id.

On December 21, 2009, the trial court re-sentenced petitioner to a consecutive term of ninety-three (93) to one hundred twenty-one (121) months imprisonment for his convictions of two counts of felony larceny, breaking or entering, obtaining property by false pretenses, and being a habitual felon. Resp't's Mem. Ex. 8. On January 28, 2010, the North Carolina Supreme Court denied petitioner's petition for discretionary review. State v. Jones, 363 N.C. 808 (2010).

On September 14, 2010, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Wayne County Superior Court, which was denied on October 6, 2010. Resp't's Mem. Exs. 9 and 10. On November 23, 2010, petitioner filed a *pro se* petition for a writ of certiorari in the Wayne County Superior Court. Id. Ex. 11. The superior court judge construed petitioner's motion as, inter alia, a second MAR and summarily denied it on January 5, 2011. Id. Ex. 12.

On May 25, 2011, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the following: (1) insufficient evidence to support his robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury convictions; (2) violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; (3) failure of the trial court to provide instructions on lesser-included offenses; (4) insufficient indictments; (5) improper denial of post-conviction filings; and (6) ineffective assistance of trial and appellate counsel. On July 29, 2011, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. In response, petitioner filed a cross-motion for summary judgment.

## STATEMENT OF FACTS

The facts as stated by the North Carolina Court of Appeals are summarized as follows:

> Defendant was tried beginning 31 March 2008 before a Wayne County jury, upon indictments charging the following offenses: Felony larceny of an automobile belonging to Tarra Chestnut and felonious possession of the stolen vehicle; Felonious breaking or entering, felonious larceny, and possession of stolen goods, committed against George Foss Auto Sales; Misdemeanor larceny from Lowes Hardware, and obtaining property by false pretenses by selling the stolen items to Quality Pawn; Armed robbery and assault with a deadly weapon inflicting serious injury committed against Sherry Beasley; First degree burglary and common law robbery committed against Carole Charles; Possession of a firearm by a convicted felon, and; Habitual felon status.
>
> [The State presented evidence that] the stolen white Grand Am used in the commission of each offense was [a] thread connecting the offenses. When Defendant was arrested, the keys to the white Grand Am were in his pocket. Items stolen from Foss's Auto Sales were found in the car. The charge of possession of a firearm by a convicted felon arose from the theft of a gun from Foss's. After Defendant was arrested for larceny of the vehicle, he confessed to stealing items from Lowes and selling them to a pawn shop. Two witnesses testified to

3

seeing a white car during the two separate incidents in which they were involved. Defendant drove a white Grand Am to his girlfriend's house shortly after one of the victims was robbed. Defendant's girlfriend's testimony linked Defendant to both the stolen car and use of the victim's cell phone.

[At trial,] Goldsboro Police Officer Doug Bethea's testi[fied] about a statement Defendant made shortly after arrest. Bethea testified that Defendant said that the [stolen] car was owned by a woman named 'Tamara Coleman' but that Defendant had paid $200 to a man named 'Black' so that Defendant could drive the car to Virginia. Defendant told Bethea that when the car needed gas, Defendant abandoned it by the side of the road.

[T]he State's evidence established without dispute that the stolen vehicle was owned by Tarra Chestnut not 'Tamara Coleman.' Defendant's statement admitted that he did not obtain the car from its owner. There was no evidence, including Defendant's statement to Bethea, that 'Mr. Black' or anyone else had claimed to have authority to dispose of the vehicle. Indeed, there was no evidence that either 'Tamara Coleman' or 'Mr. Black' even existed. None of the evidence, including Defendant's statement to Bethea, indicated that Defendant intended to return the car to its rightful owner. Defendant's own statement was that he simply left the car by the road, and there was no evidence that he contacted the owner about the vehicle.

The Defendant did not offer any evidence. At the close of the evidence, the trial court dismissed the charge of possession of a firearm by a convicted felon. The jury found Defendant not guilty of first-degree burglary and common law robbery, and returned verdicts of guilty of robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury, felonious breaking or entering, felony larceny, and possession of stolen property, felony larceny of a motor vehicle and possession of stolen property, misdemeanor larceny, and obtaining property by false pretenses.

Jones, 687 S.E.2d at *2.

# DISCUSSION

A.  Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result

opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2. Analysis

    a. Insufficient Evidence

In his first claim, petitioner contends that there was insufficient evidence to support his robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury

6

convictions.[1] The standard of review for claims of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277, 284 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979). In order to convict a defendant of assault with a deadly weapon inflicting serious injury under N.C. Gen. Stat. § 14-32(b), the state must show: (1) an assault; (2) with a deadly weapon; (3) inflicting serious injury; (4) not resulting in a death. See State v. Aytche, 98 N.C. App. 358, 366, 391 S.E.2d 43, 47 (1990). Additionally, to convict a defendant of robbery with a dangerous weapon pursuant to N.C. Gen. Stat. § 14-87, the state must show: "(1) the lawful taking or attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." United States v. White, 571 F.3d 365, 368 (4th Cir. 2009) (quoting State v. Faison, 330 N.C. 347, 411 S.E. 2d 143, 149 (1991)).

The evidence in the record reflects that at approximately 6:20 a.m., on March 29, 2007, the victim, Ms. Sherry Beasley ("Beasley") was sitting inside her car outside of the day care center where she worked. Resp't Ex. 15, Tr. Vol. II, pp. 185-186, 205. At that time, Beasley was hit in the head with a "blunt object" by a person who opened her car door. Id. Tr. Vol. II, pp. 186-188. Beasley was unsure what her attacker hit her with, but thought it was "some type of blunt object, maybe a flashlight or a pipe . . . ." Id. Tr. Vol. II, p. 188. The attacker then pulled Beasley's purse from her arm, took the purse, and hit her a second time. Id. Tr. Vol. II, pp. 186-187. Beasley

---

[1] Respondent contends that several of the issues raised in petitioner's petition are procedurally barred. Although questions of procedural bar are usually addressed first, the court finds it is in the interest of judicial economy to exercise its discretion and proceed directly to the merits of petitioner's claims. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (finding that a court may bypass procedural bar analysis and address claim on merits if it is "easily resolvable against the habeas petitioner").

7

testified that she noticed a white Pontiac automobile following her as she drove to the day care center that morning, and again noticed the car as she sought assistance. Id. Tr. Vol. II, pp. 186-87. Petitioner subsequently obtained assistance, and suffered injuries including a broken nose, nerve trauma with facial numbness, and emotional impact. Id. Tr. Vol. II, pp. 189-190.

At trial, petitioner's girlfriend, Shanita McGee ("McGee") testified that he drove a white Pontiac Grand Am to her home at 7:00 a.m. on the morning of the incident, and that he had a cellular phone. Id. Tr. Vol. II, pp. 242-243. Evidence was presented at trial that two phone calls were made from the victim's cellular phone subsequent to the robbery. Id. Tr. Vol. II, pp. 238-239. One of the cellular phone calls was to McGee and the other was to Mr. Patrick Bount, a person living with petitioner at the time of the incident.[2] Id. Tr. Vol. II, pp. 255-256. Phone records further indicated that McGee made a call back to the victim's cellular phone. Id. Tr. Vol. II, p. 255.

On March 30, 2007, law enforcement officers recovered a stolen 2000 white Pontiac Grand Am near a Lowe's Home Improvement Store. Id. Tr. Vol. I, pp. 62-63. The car contained stolen items in the trunk when it was recovered. Id. Tr. Vol. I, pp. 63-64. When officers approached petitioner to serve him with an arrest warrant, petitioner fled on foot. Id. Tr. Vol. I, pp. 67. Once petitioner was apprehended, the officers found the keys to the stolen Pontiac in his front pocket. Id. Tr. Vol. I, p. 69. Petitioner subsequently admitted to stealing items from Lowes, but denied stealing the car. Id. Tr. Vol. I, p. 112. Rather, petitioner told the officers that someone let him use the Pontiac. Id. Tr. Vol. I, pp. 110-113. Finally, petitioner sent McGee a letter from jail asking her to

---

[2] The call from Beasley's cellular phone to Blount's telephone number occurred at 6:47 a.m. on the morning of the crimes. Resp't's Mem. Ex. 15, Tr. Vol. II, pp. 255.

tell his attorney she had lied to police about seeing him with the car and cellular phone. Id. Tr. Vol. II, p. 250.

Petitioner largely bases his sufficiency of the evidence argument on his contention that the state did not establish that Beasley incurred a serious injury. The evidence in the record reflects that Beasley sustained a broken nose, nerve trauma with facial numbness, and emotional impact from the alleged assault. Pursuant to North Carolina state law, a broken nose is sufficient to satisfy the serious injury requirement for the offense of assault with a deadly weapon inflicting serious injury.[3] See State v. Compton, 699 S.E.2d 140, *4 (N.C. App. Sep. 7, 2010). Moreover, the above-stated facts are sufficient for a finding of the remaining essential elements of both robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury beyond a reasonable doubt.

Accordingly, the court finds that, viewing the evidence presented at trial in the light most favorable to the state, there was substantial evidence presented to conclude that petitioner was guilty of robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury. Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, respondent is entitled to summary judgment for this claim.

    b.  Double Jeopardy

In his second claim, petitioner alleges that several of his convictions violate his rights pursuant to the Double Jeopardy Clause. The Double Jeopardy Clause prohibits (1) a second

---

[3] Petitioner alleges that a defendant must be charged with a restitution fee pursuant to 18 U.S.C. §§ 3556, 3663, 3664, in order to establish serious injury. However, petitioner has not demonstrated how these federal statutes impact his state court conviction. Moreover, restitution is not an element of the offense of assault with a deadly weapon inflicting serious injury. See N.C. Gen. Stat. § 14-32(b); Aytche, 391 S.E.2d at 47.

9

prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by, Alabama v. Smith, 490 U.S. 794 (1989). Here, petitioner argues that by permitting separate convictions for both robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury, the North Carolina court in effect, imposed multiple punishments for the same offense.

The Supreme Court addressed whether two offenses are the same for purposes of double jeopardy in Blockburger v. United States, 284 U.S. 299 (1932). In Blockburger, the Court stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." Id. at 304. In Brown v. Ohio, 432 U.S. 161 (1977), the Court recognized that Blockburger established the test "for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment." Id. at 166. As long as each offense requires proof of a fact which the other does not, a substantial overlap in the evidence presented to prove the offenses does not violate the double jeopardy clause. Id.

    i.    Robbery and Assault With a Deadly Weapon Inflicting Serious Injury

As set forth above in the context of petitioner's challenge to the sufficiency of the evidence, the offenses of robbery and assault with a deadly weapon inflicting serious injury each require proof of a fact which the other does not. Specifically, assault with a deadly weapon inflicting serious injury requires an assault and robbery does not. Likewise, robbery requires the attempt or taking of personal property, and the offense of assault does not. Because each conviction required proof of a fact that was not necessary for the other, there was no violation of double jeopardy under

10

Blockburger. Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, respondent is entitled to summary judgment for this claim.

### ii. Larceny and Breaking or Entering

Petitioner alleges that his convictions for larceny and breaking or entering violate the Double Jeopardy Clause. Felony breaking or entering requires proof of breaking or entering "any building with intent to commit any felony or larceny therein." N.C. Gen. Stat. § 14-54. The offense of larceny requires proof that the defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of property permanently. United States v. Jarmon, 596 F.3d 228, 230 (4th Cir. 2010).[4] Here, the breaking or entering offense requires breaking or entering a building, whereas the offense of larceny does not. Likewise, the offense of larceny requires the taking and carrying away of property, whereas the offense of breaking or entering does not. Because each conviction required proof of a fact that was not necessary for the other, there was no violation of double jeopardy under Blockburger. Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, respondent is entitled to summary judgment for this double jeopardy claim.

---

[4] Petitioner asserts the conclusory allegation that there was not sufficient evidence presented at trial to support his convictions for felony breaking or entering at George Foss Auto Sales, Inc. or larceny of the Pontiac Grand Am. The record reflects that when defendant was arrested, the keys to the Pontiac Grand Am were found in his pocket and items from Foss's Auto Sales were found in the stolen car. Jones, 687 S.E.2d at *5. Based upon this evidence as well as the evidence discussed *supra*, the court finds that a rational trier of fact could find the essential elements of felony breaking or entering at George Foss Auto Sales, Inc. and larceny of the Pontiac Grand Am beyond a reasonable doubt. See Wright, 505 U.S. at 284. Petitioner has not provided any evidence to the contrary. Thus, to the extent petitioner alleges that there was insufficient evidence to support these convictions, his claims are without merit.

11

### iii. Possession of Stolen Property, Larceny, and Breaking or Entering

Petitioner alleges that his convictions for possession of stolen property and larceny, as well as possession of stolen property and breaking or entering of the same property violate the Double Jeopardy Clause. However, there is no double jeopardy claim based upon his conviction of possession of stolen property because the court of appeals arrested judgment for this conviction and directed that petitioner be re-sentenced. Jones, 687 S.E.2d at *2-3. Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, there can be no double jeopardy claim based upon this non-existent conviction, and respondent is entitled to summary judgment for this claim.

### c. Lesser-Included Offenses

In his third claim, petitioner contends that he should have received a lesser-included offense instruction for his assault with a deadly weapon inflicting serious injury and for his robbery with a dangerous weapon convictions. Specifically, petitioner contends that the court should have provided a lesser-included offense instruction for these convictions that did not include a deadly weapon because Beasley could not identify the weapon used in the crime. Petitioner also alleges that the trial court committed plain error because it failed to instruct the jury on a lesser-included offense of misdemeanor possession of stolen goods, misdemeanor larceny, and misdemeanor breaking or entering.

A defendant is entitled to a lesser-included offense instruction as a matter of due process for capital cases. Beck v. Alabama, 447 U.S. 625, 638 (1980). However, the United States Supreme

12

Court has never held that such an instruction is required in non-capital state trials. Id. at 638 n.14 (expressly reserving this issue). Moreover, it is unclear what the current state of the law is on this issue in the Fourth Circuit. See Robinson v. North Carolina Att'y Gen., 2000 WL 1793060, 238 F.3d 414 (4th Cir. 2000) (finding that a decision in the petitioner's favor on lesser-included offense instruction in non-capital case would require enunciation and retroactive application of a new rule); Stewart v. Warden, 701 F. Supp. 2d 785, *7 (D.S.C. Mar. 29, 2010) ("[I]n the absence of any United States Supreme Court precedent holding that the failure to provide a lesser included offense instruction in non-capital cases implicates a federal right, it cannot be said that the state court violated clearly established federal law as decided by the Supreme Court of the United States."), appeal dismissed, 412 F. App'x 633 (Feb. 17, 2011); Leary v. Garraghty, 2001 WL 1265395, 115 F. Supp. 2d 568, 574 (E.D. Va.) (finding consideration of claim regarding lesser-included offense instruction in a non-capital is precluded by Teague), appeal dismissed, 21 F. App'x 149 (4th Cir. 2001), cert. denied, 535 U.S. 1024 (2002). Therefore, a decision on petitioner's claim would require the retroactive application of a rule that is not clearly established. The United States Supreme Court's ruling in Teague v. Lane, 489 U.S. 288, 316 (1989), bars the creation of new constitutional rules that must be applied retroactively. Accordingly, respondent's motion for summary judgment is GRANTED as to this claim.

        d.        Sufficiency of Indictments

In his fourth claim, petitioner challenges the sufficiency of his indictments for assault with a deadly weapon inflicting serious injury, felony larceny, and felony breaking or entering. Federal habeas is unavailable to retry issues of state law. Milton v. Wainwright, 407 U.S. 371, 377 (1972). "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v.

13

Harris, 465 U.S. 37, 41 (1989). Deficiencies in state court indictments are not ordinarily the basis for habeas relief unless the deficiencies made the trial fundamentally unfair as to amount to a deprivation of a the defendant's right to due process. Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985).

Beginning with his challenge to his assault indictment, petitioner argues that there was a fatal variance between his indictment and the evidence presented at trial. In support of this claim, petitioner alleges that the indictment for assault with a deadly weapon inflicting serious injury alleged that a "blunt object" constituted a deadly weapon, but that Beasley testified that she was not positive what weapon the assailant used in the assault. The record reflects that Beasley testified that "some type of blunt object, maybe a flashlight or a pipe, I don't know[]" was used in the assault. Resp't's Ex. 15, Tr. Vol. II, p. 188. Both the indictment and the evidence reference a blunt object. Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, there is no fatal variance between the indictment and proof, and this claim is without merit.

Petitioner next asserts that his indictments for larceny and breaking or entering are insufficient because they do not allege that the value of the property taken exceeded one thousand (1,000) dollars. Under N.C. Gen. Stat. § 14-72, larceny is "considered a felony, rather than a misdemeanor, only if the value of the property [taken] was more than $1,000 or if [the defendant] committed the larceny in the course of a felonious breaking and entering." State v. Matthews, 175 N.C. App. 550, 556, 623 S.E.2d 815, 820 (2006); N.C. Gen. Stat. § 14-72. In this case, petitioner committed the alleged felony larcenies in the course of a felonious breaking or entering. Moreover, the jury was charged that it must find that the value of the property taken must exceed one thousand

14

dollars ($1,000) to support petitioner's larceny convictions. Accordingly, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Based upon the foregoing, the court finds that respondent is entitled to summary judgment for this claim.

      e.      Post-Conviction Error

In his fifth claim, petitioner alleges that the MAR court improperly denied his post-conviction motions. A petitioner has no cognizable federal habeas claim for alleged deficiencies in state post-conviction proceedings. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") Moreover, to the extent petitioner attacks his prior proceedings on the grounds that he was denied counsel, there is no constitutional right to the appointment of counsel in state post-conviction proceedings. Ashe v. Syles, 67 F.3d 46, 50 (4th Cir. 1995). Accordingly, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Based upon the foregoing, respondent is entitled to summary judgment on this claim.

15

### f. Ineffective Assistance of Counsel

#### i. Trial Counsel

In his sixth claim, petitioner alleges that he received ineffective assistance of both trial and appellate counsel. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish a two-prong test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. Id. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 687. For the second prong, petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694. Even then, however, habeas relief may be granted under Strickland only if the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998).

Petitioner alleges that he received ineffective assistance of counsel because his counsel failed to prepare a trial strategy, performed an inadequate pre-trial investigation, failed to review discovery with him, and relied upon the state of North Carolina's version of events. Petitioner also argues that his trial counsel was ineffective because he was not able to persuade the prosecutor to reduce the robbery with a dangerous weapon charge to common law robbery and he failed to obtain a better plea

16

offer than seven to nine years imprisonment.[5] Petitioner has not provided any evidentiary support for these claims. Rather, he merely makes vague conclusory allegations. Petitioner's unsupported allegations do not warrant relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999) ("In order to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Furthermore, failure to raise a meritless claim does not fall below "an objective standard of reasonableness." See Lockhart v. Fretwell, 506 U.S. 364, 382 (1993) (counsel cannot be deemed ineffective for failing to raise a meritless claim); Strickland, 466 U.S. at 687-91.

Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, respondent is entitled to summary judgment for this claim.

ii.  Appellate Counsel

To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that counsel's representation was objectively unreasonable and that a reasonable probability exists that, but for the attorney's error, he would have prevailed on his appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland, 466 U.S. at 687-88). Appellate counsel is not required to assert all non-frivolous issues on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288. Reviewing courts must presume that in

---

[5] Petitioner appears to allege that he initially rejected the state's plea offer of seven to nine years imprisonment, and that the state subsequently increased its offer to fifteen (15) years imprisonment. See (DE # 1, p. 14.)

17

determining which issues to appeal, appellate counsel selected those issues most likely to afford relief. Pruett v. Thompson, 996 F. 2d 1560, 1568 (4th Cir. 1993).

Petitioner's ineffective assistance of counsel claims are conclusory and unsupported by any reliable, admissible summary judgment evidence. Accordingly, petitioner is not entitled to habeas relief for these claims. See Nickerson, 971 F.2d at 1136. Additionally, the court notes that petitioner's appellate counsel was not ineffective for failing to raise any of the above-stated meritless claims. Accordingly, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Based upon the foregoing, respondent is entitled to summary judgment for this claim.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

18

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 8) is GRANTED, and petitioner's motion for summary judgment (DE # 11) is DENIED as moot. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17th day of February, 2012.

LOUISE W. FLANAGAN
United States District Judge